### Chicago Woolen Mills Company, Defendant in Error, v. Adams Express Company, Plaintiff in Error.

#### Gen. No. 15,310.

EXPRESS COMPANIES—*when liable to consignor*. If goods are delivered to an express company for delivery to the consignee c. o. d. and within a reasonable time neither goods nor money is delivered to the consignor, the express company is liable.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed January 6, 1911. Rehearing denied January 17, 1911.

CHARLES B. ELDER, for plaintiff in error.

DAVID K. COCHRANE, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

We think the bill of exceptions to this case was presented to the court in apt time under the law, and that it is properly a part of the record.

Only two of the items enumerated in the plaintiff's statement of claim are now involved—the shipment of

goods to Will Crawley, Lakewood, Florida, and the shipment to J. McConnell & Son, Gate City, Virginia, for $10 as to which the defendant plaintiff in error makes no question.

The evidence tends to show that on October 20, 1905, the Chicago Woolen Mills at Chicago, Illinois, shipped one suit of clothes to Crawley at Lakewood, Florida, by the plaintiff in error with directions to deliver to him and collect $32, the value of the suit, and return the money to the defendant in error. The package and the receipt given by the Express Company were marked C. O. D. $32. The plaintiff in error did not return the goods or the money to the defendant in error in reasonable time. No inference can be drawn from the evidence that the goods were tendered to the consignee.

We think the evidence brings the case within the rule of A. M. U. Express Co. v. Wolf, 79 Ill. 430; and that there was a breach of the contract on the part of plaintiff in error and its duty thereunder for which the defendant in error is entitled to recover. Substantial justice was administered in the judgment of the trial court, and we therefore do not find it necessary to discuss the alleged errors in procedure under the provisions of the Municipal Court Act.

The judgment is affirmed.

*Affirmed.*